GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
JOSEPH R. ROSE, SBN 279092
  jrose@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESDNIE HESS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation,<br><br>                    Defendant. | CASE NO. 21-CV-00093<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of California, County of Alameda, Case No. RG20078425]<br><br>Action filed: October 30, 2020 |

**TO THE COURT, THE CLERK OF THE COURT, PLAINTIFF, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441, *et seq.*, and in accordance with 28 U.S.C. § 1332(a) and (d), respectfully removes the above-captioned matter from the Superior Court of California, County of Alameda, to this Court. Removal is proper for the reasons set forth below.

## I.   BACKGROUND

1. Plaintiff Desdnie Hess commenced this action on October 30, 2020, in the Superior Court of the State of California for Alameda County. Decl. of Rachel Brass, Ex. A ("Compl."). Plaintiff served the Complaint on UPS on December 8, 2020. *Id.* ¶ 3 & Ex. A.

2. Plaintiff alleges that she is a California resident and worked for UPS as a Local Sort Supervisor in Santa Maria, California, from "approximately October 2019 to May 2020." Compl. ¶ 12. Plaintiff alleges that, while working for UPS, she "incurred expenses during the pandemic when she had no choice but to purchase supplies including masks and hand sanitizer." Compl. ¶ 94. According to her Complaint, UPS "failed to offer basic PPE to its employees while forcing them to work in situations which put them . . . at tremendous risk from COVID-19." Compl. ¶ 4. Plaintiff alleges that these failures also include not implementing "physical distancing protocols or to structure the workday and worksite in a way that makes it possible" and "fail[ing] to update ventilation systems." Compl. ¶ 55.

3. Plaintiff seeks to maintain this action as a class action. Compl. ¶ 60. Plaintiff defines her putative class as "all current and former non-exempt workers employed by [UPS] throughout California any time starting four years prior to the filing of this Complaint until resolution of this action." Compl. ¶ 61. Plaintiff's proposed class includes "approximately 300 employees at the Santa Maria location," Compl. ¶ 48, and "thousands of workers throughout California," Compl. ¶ 2.

4. Plaintiff asserts four causes of action on behalf of herself and the putative class: (1) a cause of action for public nuisance under Cal. Civil Code §§ 3294, 3479, 3480, 3491, and 3493; (2) a cause of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) a cause of action for reimbursement of business expenses under Cal. Labor Code §§ 2800, *et seq.*;

and (4) a cause of action for declaratory judgment under Cal. Code Civ. Proc. §§ 1060, *et seq.* *See* Compl. ¶¶ 21–27.

5.  Plaintiff seeks "declaratory relief, injunctive, relief, and damages." Compl. ¶ 90. Specifically, Plaintiff seeks an injunction addressing the alleged acts and omissions underlying "Defendant's continuing creation and perpetuation of a public nuisance." Compl. ¶ 82. This includes "meeting the CDC and CDPH guidelines and other minimum public health standards necessary to stop" or reduce the spread of COVID-19. Compl. ¶ 81. Plaintiff also seeks reimbursement for herself and all members of her class for purchases of equipment such as hand sanitizer and masks, Compl. ¶ 104, as well as "compensatory damages in an amount to be ascertained at trial," Compl. at Prayer for Relief. Plaintiff also seeks attorneys' fees and costs. Compl. ¶ 90, 99, 107.

## II.  GROUNDS FOR REMOVAL

6.  Removal of this action is proper on two independent grounds. First, the Court may exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and over $75,000 is in controversy, exclusive of interest and costs. Second, the Court may exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the putative class contains at least 100 members, there is minimal diversity, and the amount in controversy exceeds $5 million, exclusive of interest and costs.

**A.  The Court Has Traditional Diversity Jurisdiction.**

7.  Federal district courts may exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332.

8.  For purposes of diversity jurisdiction, an individual "is a citizen of the state in which [s]he is domiciled." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "In a class action, only the domicile of the class representative (plaintiff) is considered, rather than that of the class members." *Borgeson v. Archer-Daniels Midland Co.*, 909 F. Supp. 709, 713 (C.D. Cal. 1995). Because Plaintiff alleges that she "is a resident of the County of Santa Barbara," Compl. ¶ 12, she is a citizen of California. *See Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (holding that a person

is domiciled where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely").

9. A corporation such as UPS is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). UPS is an "Ohio corporation," Compl. ¶ 13, with its headquarters and principal place of business in Atlanta, Georgia. *See* Brass Decl. ¶ 4; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's principal place of business is "normally . . . where the corporation maintains its headquarters").

10. There is therefore complete diversity between the parties as Plaintiff is allegedly a citizen of California and Defendant is a citizen of Ohio and Georgia.

11. Additionally, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Where, as here, the plaintiff seeks injunctive relief, "the amount in controversy . . . may include 'the cost of complying with an injunction . . . .'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (*quoting Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

12. Conservatively, Plaintiff's class includes at least 4,000 members, estimating 200-300 employees across nineteen UPS facilities. *See* Compl. ¶¶ 2 (alleging "at least nineteen" operating facilities," and "thousands of workers throughout California"), 48 (alleging "approximately 300 employees at the Santa Maria location"). Plaintiff seeks, among other things, an injunction "enjoining UPS from continuing to engage in . . . the wrongful acts, omission, and practices alleged herein whose commission and omission constitute a public nuisance. . . ." Compl. at Prayer for Relief. These acts and omissions include "fail[ing] to provide sufficient PPE." Compl. ¶ 55. Estimating for purposes of removal only the cost of procuring "PPE" including "face shields, certain types of masks, and impermeable gloves," Compl. ¶ 47, at twenty dollars ($20) per 4,000 workers, Plaintiff seeks an order requiring UPS to expend at least $80,000 on additional equipment. Thus, the cost of complying with the injunctive relief related to "PPE" alone exceeds $75,000. To the extent that Plaintiff's Complaint alleges supposed deficiencies in UPS's facilities, including its ventilation systems, Compl. ¶ 55,

complying with any order requiring modification or other injunctive relief would be significantly more costly.

13. The requirements for traditional diversity jurisdiction are therefore met. And because UPS is neither incorporated in California nor maintains its principal place of business in California, Compl. ¶ 7, it may remove this case based on the parties' complete diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2).

**B.    The Court Has Jurisdiction Under the Class Action Fairness Act.**

14. The Class Action Fairness Act ("CAFA") permits removal where: (1) The case is a "civil action . . . and is a class action"; (2) the aggregate number of putative class members is 100 or greater; (3) there is diversity of citizenship between one or more plaintiffs and one or more defendants; and (4) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each prerequisite is met here.

15. First, this case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure Section 382, authorizing an action to be brought by one or more representative persons as a class action. 28 U.S.C. § 1332(d); *see also* Compl. ¶¶ 1 ("This is a putative class action . . . ."), 60 ("Plaintiff brings Causes of Action One through Four as a class action on behalf of herself and all other similarly situated pursuant to Code of Civil Procedure section 382.").

16. Second, the "number of members of all proposed plaintiff classes in the aggregate" is far more "than 100." 28 U.S.C. § 1332(d). According to her Complaint, Plaintiff "is informed and believes that the number of Proposed Class members in California exceeds 100." Compl. ¶ 64. Plaintiff's proposed class includes "approximately 300 employees at the Santa Maria location," Compl. ¶ 48, and "thousands of workers throughout California" that UPS employs across "at least nineteen" operating facilities, Compl. ¶ 2. Plaintiff alleges that UPS "has employed, and continues to employ, Plaintiff and other members of the Proposed class throughout Defendant's California locations, including at the Distribution Center where Plaintiff worked." Compl. ¶ 16.

17. Third, sufficient diversity exists. To satisfy CAFA's diversity requirement, the parties need only be minimally diverse—that is, one putative class member must be a citizen of a state different

from that of one defendant. 28 U.S.C. § 1332(d)(2*)*; *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010). The only named plaintiff, Ms. Hess, is a citizen of California. *See* Compl. ¶ 12. The putative class also consists solely of "workers employed by United Parcel Service, Inc., throughout California." Compl. ¶ 61. UPS is a citizen of Ohio and Georgia. Brass Decl. ¶ 4. Therefore, sufficient diversity exists under CAFA.[1]

18.   Fourth, taking Plaintiff's allegations as true, at least $5,000,000 is in controversy. In assessing CAFA's amount-in-controversy requirement, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012); *see Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million."). Further, where attorneys' fees are authorized by the underlying statutes, a court also may "include[] attorneys' fees" in assessing the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (finding reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy).

19.   Plaintiff's Third Cause of Action alleges that Plaintiff and Class members are entitled to reimbursement for "necessary expenditures and losses . . . including but not limited to hand sanitizer and masks." Compl. ¶ 104. Plaintiff alleges that class members had to purchase their own supplies for the duration of the pandemic, Compl. ¶¶ 57, 94, which she alleges began on March 4, 2020, in California, Compl. ¶ 27, and continues to this day. Plaintiff's allegation thus results in at least nine months' worth of reimbursements, assuming judgment were entered in her favor on the date of this removal, January 7, 2021. Assuming $20 worth of supplies per month multiplied by 4,000 potential Class members, the Third Cause of Action, as alleged, could account for damages exceeding $720,000.

---

[1] Because UPS is not a California citizen, the home-state exception to CAFA removal does not apply. *See* 28 U.S.C. § 1332(d)(4).

20. Plaintiff's First Cause of Action alleges entitlement to "declaratory relief, injunctive relief, and damages," as well as "interest, penalties, attorneys' fees and expenses." Compl ¶ 90. Injunctive relief includes "meeting the CDC and CDPH guidelines" related to COVID-19. *See* Compl. ¶ 81–2 (alleging that UPS does not ensure CDC and CDPH guidelines are met, and that immediate injunctive relief must be granted to forestall harm therefrom). Plaintiff's Complaint refers to Cal/OSHA guidance for "enclosed spaces where physical distancing is difficult to maintain" that includes: "physical or spatial barriers between workers, such as Plexiglass or other sturdy and impermeable partitions;" "increasing the number of shifts to reduce the number of personnel present at one time;" and "use of PPE such as face shields, certain types of masks, and impermeable gloves." Compl. ¶ 47. Plaintiff alleges that UPS has failed to implement these guidelines. Compl. ¶ 55. Plaintiff also alleges that UPS has failed to implement modifications to its ventilation and airflow in accordance with guidelines. Compl. ¶¶ 50, 55.

21. Plaintiff alleges that her proposed injunctive relief would apply to at least 19 facilities across California, as she asserts that UPS has "similarly failed to implement adequate safety protocols and failed to provide a safe work environment throughout its facilities in California." Compl. ¶ 51. Costs associated with enforcement of an injunction related to these supposed deficiencies in UPS's facilities would be extensive. They could include hundreds, if not thousands, of feet of impermeable barriers in areas where employees work closely together, other costly building modifications, equipment for thousands of employees, as well as potential productivity losses due to decrease in labor activity. With respect to Plaintiff's allegations regarding ventilation systems, the proposed injunctive relief could result in hundreds of thousands of dollars in physical modifications at each location, not to mention increased energy consumption. Multiplied by 19 facilities and "thousands" of employees, Compl. ¶ 2, the cost of Plaintiff's sweeping proposed injunctive relief could easily exceed $5 million.

22. Plaintiff's First and Third Causes of Action, even before accounting for potential compensatory damages, allege well over $5 million of potential costs to UPS. Plaintiff is also seeking "reasonable attorneys' fees and costs." Compl. at Prayer for Relief. Using "25% as a benchmark" for attorney's fees, *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019), would add at least another $1.25 million to that amount. *See* Compl. ¶¶ 90, 99, 107, Prayer for Relief. This

total exceeds the statutory threshold and establishes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (*quoting Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

### III.   TIMELINESS OF REMOVAL

23.   Plaintiff served a copy of the Summons and Complaint on UPS on December 8, 2020. Brass Decl. ¶ 3 & Ex. A.  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446 & 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347–48 (1999) (holding that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint . . ., not by mere receipt of the complaint unattended by any formal service").

### IV.   VENUE

24.   The United States District Court for the Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, in the Superior Court of Alameda County.  *See* 28 U.S.C. §§ 84(a), 1441(a).

### V.   NOTICE

25.   UPS will promptly serve this Notice of Removal on Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Alameda, in which the action is pending, as required under 28 U.S.C. § 1446(d).

26.   Pursuant 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon UPS as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as Exhibit A to the Brass Declaration.

### VI.   CONCLUSION

27.   For the foregoing reasons, UPS respectfully submits that this action is properly removed to this Court, and UPS respectfully requests that this Court proceed as if this case had been originally filed in this Court.  If any question arises as to the propriety of the removal of this action, UPS requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: January 6, 2021

RACHEL S. BRASS
JOSEPH R. ROSE
GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Rachel S. Brass
        Rachel S. Brass


Attorneys for Defendant UNITED PARCEL SERVICE, INC.