| | |
|---|---|
| CAROLYN HUNT COTTRELL, SBN 166977<br>ccottrell@schneiderwallace.com<br>KYLE G. BATES, SBN 299114<br>kbates@schneiderwallace.com<br>KRISTABEL SANDOVAL, SBN 323714<br>ksandoval@schneiderwallace.com<br>SCHNEIDER WALLACE<br>COTTRELL KONECKY LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Telephone: 415.421.7100<br>Facsimile: 415.421.7105<br><br>Attorneys for Plaintiff<br>and those similarly situated | RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>JOSEPH R. ROSE, SBN 279092<br>  jrose@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile:  415.393.8306<br><br>Attorneys for Defendant<br>UNITED PARCEL SERVICE, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESDNIE HESS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation,<br><br>        Defendant. | CASE NO. 3:21-CV-00093-WHA<br><br>**STIPULATION AND [PROPOSED] ORDER RE COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS**<br><br>Action Filed: October 30, 2020 |

This Stipulation and Proposed Order re Communications with Putative Class Members is entered into between Plaintiff Desdnie Hess ("Plaintiff") and Defendant United Parcel Service, Inc. ("UPS") (together, the "Parties") pursuant to the Court's January 22, 2021 Notice and Order re Putative Class Actions and Factors to be Evaluated for any Proposed Class Settlement and Protocol for Interviewing Putative Class Members (Dkt. 15). The Parties stipulate as follows:

1. This protocol shall apply to communications by counsel or the Parties (or anyone acting at their direction) to non-management putative class members related to such putative class members' participation in this litigation or submission of declarations in this litigation ("Subject Communications"). Subject Communications shall not include: (1) communications made to UPS's current or former employees (including putative class members) to the extent those communications are part of the normal course of UPS's business or are not related to putative class members' participation in or submission of declarations in this litigation, regardless of whether the subject matter overlaps with Plaintiff's claims; or (2) communications made to current or former UPS managers.

2. Subject Communications shall not take place until 21 days after the Court has ruled on any motions to dismiss and UPS has filed its Answer (if any).

3. Subject Communications that do not comply with the terms of this Order may not be cited or used as evidence in this litigation.

4. Counsel and the Parties must refrain from making coercive or misleading communications to putative class members. Subject Communications must provide a description of the claims in the underlying litigation and the role of the communicating party in the litigation sufficient to explain the context and purpose of the communication. This explanation must advise the putative class member of the following:

   a. The purpose of a communication by Plaintiff or its counsel is to assist in investigating and/or prosecuting the claims in the litigation;

   b. The purpose of a communication by UPS or its counsel is to assist in investigating and/or defending against the claims in the litigation;

  c. Participation in such communication by the putative class member is completely voluntary;

  d. The putative class member cannot be retaliated against by Plaintiff or UPS for refusing to communicate, for answering questions truthfully, or refusing to answer questions;

  e. The putative class member cannot receive monetary compensation or other benefits from any party for agreeing to communicate or give certain answers to a question;

  f. The information obtained from the putative class member may be used as evidence: (i) by Plaintiff to certify a proposed class and/or bolster the claims in this lawsuit; or (ii) by UPS to defeat class certification and/or defeat the underlying claims in this lawsuit.

 5. Counsel may communicate with a member of the putative class without notice to or permission from opposing counsel, unless opposing counsel has provided written notice by email of their representation of the particular putative class member in question.

 6. No member of the putative class shall be retaliated against in any way for their participation or unwillingness to participate in the communications identified in Paragraph 1.

**IT IS SO STIPULATED.**

Dated: April 1, 2021      GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Joseph R. Rose*
    Joseph R. Rose

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

Dated: April 1, 2021      SCHNEIDER WALLACE COTTRELL KONECKY, LLP

By:  */s/ Kyle G. Bates*
    Kyle G. Bates

Attorneys for Plaintiff DESDNIE HESS

3
STIPULATION AND [PROPOSED] ORDER RE COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS
CASE NO. 3:21-CV-00093-WHA

## SIGNATURE ATTESTATION

I, Joseph R. Rose, hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: April 1, 2021                    GIBSON, DUNN & CRUTCHER LLP


                                        By:  */s/ Joseph R. Rose*
                                             Joseph R. Rose

                                        Attorneys for Defendant
                                        UNITED PARCEL SERVICE, INC.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: April 8, 2021                    By: [signature]
                                             Hon. William H. Alsup
                                             United States District Judge