UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DESDNIE HESS,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    UPS.

No. 3:21-cv-00093 WHA

**ORDER GRANTING MOTION TO DISMISS**

### INTRODUCTION

In this putative class action for COVID-19 workplace health and safety violations, defendant moves to dismiss the complaint entirely. Because plaintiff is not a current employee, she lacks standing to seek injunctive relief against defendant's employment practices. The public nuisance tort claim is barred by the exclusive remedy rule of workers' compensation. Plaintiff does not state a claim for business expense reimbursement. Therefore, the motion is **GRANTED**.

### STATEMENT

Plaintiff Desdnie Hess is a former employee of defendant United Parcel Service, Inc., the multinational shipping and logistics giant. From about October 2019 to May 2020, plaintiff worked as a local sort supervisor at UPS's distribution center in Santa Maria, California. Plaintiff made "schedules for warehouse associates and to oversee and direct them while they

unloaded delivery trucks, sorted packages, and re-loaded the sorted packages into semi-truck[s]" (Compl. at ¶ 15).

Plaintiff alleges that UPS failed to take reasonable steps to limit the spread of COVID-19 among its employees while they worked for UPS in violation of the California Occupational Health and Safety Act, Cal. Lab. Code §§ 6300 *et seq.*, and applicable regulations and guidance. For example, plaintiff alleges (Compl. at ¶¶ 48–50, 52, 53, 55):

- UPS failed to ensure social distancing among its employees. There were approximately 300 employees at the Santa Maria facility working side-by-side, indoors, with only about 1.5–2 feet in between.
- UPS failed to adequately sanitize the Santa Maria facility or provide adequate personal protective equipment (PPE). UPS did not adequately sanitize or clean common areas or bathrooms. Employees regularly touched potentially contaminated surfaces without gloves or access to sanitizing wipes.
- UPS did not provide its employees with face coverings until May 2020, well after the virus was circulating. Even then, there were never enough face coverings for all employees.
- UPS did not modify the ventilation or airflow systems at the Santa Maria facility.
- UPS did not provide a training or illness prevention program to educate its employees about COVID-19.
- At least three employees at the Santa Maria facility contracted COVID-19. UPS failed to take action to prevent others from being infected, did not do contact tracing for the infected individuals, and did not notify employees who had been in close contact with the infected individuals.
- Due to UPS's failure to provide adequate sanitizer, cleaning supplies, masks and other PPE, plaintiff and other employees had to buy those things themselves to protect themselves from contracting COVID-19 while working for UPS.

In July 2020, plaintiff filed a complaint with the same allegations with the California Department of Industrial Relations (*id.* at ¶ 59). Plaintiff also alleges that UPS operated all its California facilities in a substantially similar fashion (*id.* at ¶ 51).

Plaintiff filed her complaint in Alameda County Superior Court. She brought four claims for relief: public nuisance under California's Civil Code § 3480; unfair competition under California's Business and Profession Code § 17200; reimbursement of business expenses under California's Labor Code §§ 2800, 2802; and declaratory relief. She also sought to represent a class comprised of "All current and former non-exempt workers employed by United Parcel Service, Inc. throughout California any time starting four years prior to the filing of this Complaint until resolution of this action" (*id.* at ¶ 61).

UPS timely removed the action here. Jurisdiction is proper under 28 U.S.C. § 1332(a) and (d). UPS moves to dismiss the complaint under FRCP 12(b)(1) and (6). This order follows full briefing and a hearing held telephonically.

**ANALYSIS**

FRCP 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In making the plausibility assessment, all well-pled factual allegations are taken as true and all reasonable inferences that can be drawn from the well-pled facts are drawn in favor of the complaint. *See ibid.*

1. **ARTICLE III STANDING.**

Article III of the Constitution limits federal court jurisdiction to cases or controversies. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Ibid.* To have standing to sue in federal court, the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable

3

to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Ibid.*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Ibid.* (citation omitted).

Furthermore, "[s]tanding must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Only current employees have standing to seek injunctive relief against their employer's employment practices. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011).

UPS argues that plaintiff did not suffer an injury in fact because she did not actually contract COVID-19 but was only exposed to an increased risk of doing so. An increased risk of exposure to COVID-19, however, is an injury in fact for purposes of Article III standing.* Most of those decisions involved increased risk of exposure in circumstances of civil detainment or incarceration. But the meaning of Article III does not change depending on the type of case or claim.

UPS also argues that plaintiff's harm is not redressable because she is no longer employed by UPS. To the extent the argument is premised on plaintiff's lack of standing to seek injunctive relief, UPS is correct. Because plaintiff is no longer an employee of UPS, she cannot seek injunctive relief or prospective relief of any kind directed at her former employer's employment practices. *Ellis v. Costco Wholesale Corp.*, 657 F.3d at 988.

---

* *Texas Democratic Party v. Abbot*, 978 F.3d 168, 178 (5th Cir. 2020) (in person voting); *Zepeda Rivas v. Jennings*, 445 F.Supp.3d 36 (N.D. Cal. April 29, 2020) (immigration detainment) (Judge Vince Chhabria); *Carranza v. Reams*, 2020 WL 2320174 (D. Colo. May 11, 2020) (pre-trial detainment and post-conviction incarceration) (Chief Judge Philip A. Brimmer); *Prieto Refunjol v. Adducci*, 461 F.Supp.3d 675 (S.D. Ohio May 14, 2020) (immigration detainment) (Judge Sarah D. Morrison); *Gutierrez-Lopez v. Figueroa*, 462 F.Supp.3d 973 (D. Ariz. May 27, 2020) (immigration detainment) (Judge Steven P. Logan).

In addition to injunctive and declaratory relief, however, plaintiff seeks compensatory damages and civil and statutory penalties. UPS does not argue that such remedies would not redress plaintiff's injury.

Therefore, the motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.

**2. SECTION 17200.**

California's Unfair Competition Law prohibits unfair competition, broadly defined as "any unlawful, unfair or fraudulent business act or practice. . . ." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999) (cleaned up).

While the substantive scope of § 17200 is broad, its remedies are limited. The remedies available to a private plaintiff under § 17200, as opposed to a district attorney or city or county counsel, "are generally limited to injunctive relief and restitution." *Cel-Tech Commc'ns.*, 20 Cal.4th at 179.

As noted, plaintiff does not have standing to seek injunctive relief.

Nor has she stated a claim for restitution.

> Restitution under Business and Professions Code section 17203 is confined to restoration of any interest in money or property, real or personal, which may have been acquired by means of such unfair competition. A restitution order against a defendant thus requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other. Compensatory damages are not recoverable as restitution.

*Zhang v. Superior Court*, 57 Cal. 4th 364, 371 (2013) (citations omitted).

> [A]n order for restitution [is] one compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144–45 (2003) (cleaned up).

Here, plaintiff alleges that because of UPS's failure to provide personal protective equipment, masks, hand sanitizer, etc., she and other employees had to buy those things

5

themselves to protect themselves while working for UPS. She alleges she is entitled to reimbursement for those purchases under California's Labor Code, which she brings as a separate claim for relief. She cannot recover those expenditures as restitution because the money she spent did not pass to UPS; UPS did not acquire the money from plaintiff by means of its alleged unfair competition. Plaintiff makes no allegations supporting the remedy of restitution.

Therefore, because plaintiff lacks standing to seek injunctive relief, and because she alleges no facts plausibly stating a claim for restitution, her § 17200 claim must be **DISMISSED**. This order does not address UPS's other arguments for dismissal of the § 17200 claim.

### 3. PUBLIC NUISANCE.

Under California law, a nuisance includes "[a]nything which is injurious to health . . . ." Cal. Civ. Code § 3479. A public nuisance, as opposed to a private nuisance, is

> one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal.

*Id.* § 3480.

UPS argues plaintiff's public nuisance claim is barred by the exclusive remedy rule of California's Workers' Compensation Law. Cal. Lab. Code §§ 3200 *et seq.* California Labor Code § 3600(a) states in part,

> Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall . . . exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . .

Section 3602(a) states in part,

> Where the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is . . . the sole and exclusive remedy of the employee . . . against the employer.

The "conditions of compensation" are present here. Plaintiff's alleged harm arose out of and in the course of her employment for UPS and was proximately caused by the employment. Moreover, at the hearing on the instant motion, UPS represented that at the time of plaintiff's

6

injury, UPS and plaintiff were subject to the compensation provisions of the Workers' Compensation Law. The exceptions to the exclusive remedy rule of the Workers' Compensation Law provided by Labor Code §§ 3602, 3706, and 4558 do not apply.

Plaintiff does not dispute this. Instead, she argues that the exclusive remedy rule does not apply because (Dkt. No. 17 at 15):

> Plaintiff and the putative class did not suffer an injury through the normal operation of Defendant's business—they were forced to work in facilities that were rendered dangerous and unsafe by virtue of Defendant's non-compliance with applicable regulations related to COVID-19.

Thus, plaintiff's public nuisance tort claim is predicated on UPS's alleged violations of California's Labor Code and applicable regulations and guidance (*see* Compl. at ¶¶ 33–47). She is barred, however, from pursuing a tort claim or tort damages by the exclusive remedy rule of the Workers' Compensation Law. *See Shoemaker v. Myers*, 52 Cal.3d 1, 16 (1990). The exclusive remedy rule applies only to claims for damages, however, not equitable relief.

To the extent plaintiff seeks to enforce UPS's duty to provide "a place of employment that is safe and healthful for the employees therein," Cal. Lab. Code §6400(a), she has not stated a claim under California's Labor Code Private Attorneys General Act of 2004, *id.* §§ 2698 *et seq*.

Therefore, the public nuisance claim is **DISMISSED**. This order does not address UPS's other arguments for dismissal of the public nuisance claim.

**4.    LABOR CODE §§ 2800, 2802(a).**

Section 2800 of California's Labor Code states, "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

Section 2802(a) states, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

Plaintiff seeks to be reimbursed for the cost of face coverings, masks, hand sanitizer, and cleaning supplies like sanitization wipes. UPS argues these items are not reimbursable as business expenditures because they were generally usable in all circumstances when plaintiff

worked for UPS at the inception of the pandemic, in Spring 2020.  This order agrees.  Indeed, the parties agree that by late May 2020, Santa Barbara County, where plaintiff worked, required masks to be worn indoors in public generally.  *See* https://countyofsb.org/uploadedFiles/phd/PROGRAMS/Disease_Control/Corona/Health%20Officer%20Order%202020-10.pdf.  Plaintiff points out that the order required businesses to require their employees to wear a face covering while working; but the order does not say that employers must supply the masks or reimburse employees for the costs of masks they use at work.  More fundamentally, the order reflects that the mask requirement was not an expense UPS required its employees to incur for its benefit, but instead an obligation imposed on it by law.  The same is true of the other items plaintiff seeks reimbursement for.  Plaintiff does not show that she incurred these expenses for the benefit of UPS and she points to no law specifically requiring UPS to reimburse her.

Therefore, the claim for business expense reimbursement under §§ 2800 and 2802(a) is **DISMISSED**.

**5.    DECLARATORY JUDGMENT.**

Plaintiff states a "claim" for declaratory judgment.  A declaratory judgment is not a claim but a remedy.  Plaintiff states no claim for relief, declaratory or otherwise.

**CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED**.

Plaintiff may seek leave to amend the complaint.  Plaintiff has **FOURTEEN DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint.  A proposed amended complaint must be appended to the motion.  In the proposed amended complaint, plaintiff should bring only colorable claims.  The motion should explain how the amendments to the complaint address the defects identified in this order as well as any problems identified by UPS in its motion potentially relevant to the amended complaint but not addressed by this order.

**IT IS SO ORDERED.**

Dated: April 29, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE